

**ORDERED in the Southern District of Florida on August 16, 2022.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

*Tagged Opinion for Print Reporter*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

In re:

Suzanne L. Roach,

    Debtor.

_____/

Case No. 21-13557-PDR

Chapter 13

## ORDER OVERRULING DEBTOR'S OBJECTION TO CLAIM

Debtor Suzanne L. Roach filed her Chapter 13 petition on April 15, 2021.[1] On June 23, 2021, the Debtor's children, Russell Everett Conn and Katrina Lee Conn (the "Children"), filed Claim 8-1, alleging a $28,875.85 debt arising from a state court judgment for breach of contract and breach of fiduciary duty against the Debtor that granted actual damages and attorneys' fees, but did not determine the amount of either.[2]

---

[1] (Doc. 1).

[2] (Doc. 1).

Under Local Rule 2083-1(B)(1)(c),

> [n]ot later than 21 days after expiration of the claims bar date, [counsel for the debtor] shall examine, from records maintained by the clerk, the claims register and all claims filed in the case to determine whether additional action is necessary, including the filing and service in accordance with all applicable rules of . . . (c) objections to nonconforming claims.

The Court created a local form, the "LF-76", for submission of these certifications. The LF-76 allows counsel to indicate what actions, if any, the debtor intends to take, including objections, with respect to any of the filed claims. After the claims bar date passed, on July 2, 2021, Debtor's Counsel submitted the LF-76, certifying that he reviewed "the claims register and all claims filed" under Local Rule 2083-1(B), and concluded that "[n]o further action [was] necessary."[3]

On July 6, 2021, the Court confirmed the Debtor's plan.[4] Under the Confirmed Plan, the Debtor makes a monthly payment to the Chapter 13 Trustee and creditors receive a *pro rata* dividend based on the Chapter 13 Trustee's calculations made after a review of the allowed claims (including the Children's Claim) in reliance upon the Debtor's LF-76. The Plan was confirmed over a year ago and the Chapter 13 Trustee has been making *pro rata* distributions to creditors.

On July 19, 2021, the day before the deadline to object to the dischargeability of debts, the Children filed an adversary proceeding seeking a determination that the debt established by the Claim is nondischargeable.[5] The Children filed a motion for

---

[3] (Doc. 25).

[4] (Docs. 23 & 30).

[5] Case No. 21-01233-PDR (Bankr. S.D. Fla.) (the "Adversary Proceeding").

summary judgment on June 3, 2022, and the Debtor responded with her own cross-motion for summary judgment.[6] The Adversary Proceeding remains pending as the Court considers the motions.

On June 23, 2022, exactly one year after the Children filed the Claim, the Debtor filed an objection to it, arguing that the state court judgment is unliquidated, and the Claim provides no clear grounds for the amount asserted.[7] The Children oppose the objection.[8] The Court heard argument on August 1, 2022.

## Analysis

Under 11 U.S.C. § 1327(a), the provisions of a confirmed Chapter 13 plan "bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." *See In re Cushion*, 349 B.R. 919, 921 (Bankr. M.D. Fla. 2006) ("The binding effect of confirmation of a Chapter 13 plan is a basic tenet of bankruptcy law."). The Debtor acknowledges that the Children timely filed the Claim but argues that she "tactically or strategically would have proceeded in a different manner, and in all likelihood would have objected" if she knew the Children would file the Adversary Proceeding. Although unclear, this is presumably because the Debtor had no interest in the amount of the Claim where under the *pro rata* distributions of her Confirmed Plan, the Debtor's monthly plan payment is static. Only once the Children

---

[6] (Adversary Proceeding Docs. 55 & 62).

[7] (Doc. 34).

[8] (Doc. 37).

sought a determination that the Claim is nondischargeable was the Debtor incentivized to object to the Claim to minimize the amount. The Children oppose the Objection on the grounds that it is untimely and procedurally improper; from the response and the arguments at the hearing, the Court recognizes the Children's opposition as, generally, invoking *res judicata*, equitable estoppel, and waiver.

I. *Res Judicata* **bars the Objection.**

Section 1327(a) gives *res judicata* effect to confirmed Chapter 13 plans. *See, e.g.*, *In re Starling*, 251 B.R. 908, 911 (Bankr. S.D. Fla. 2000). "Under *res judicata*, . . . a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *Universal Am. Mortg. Co. v. Bateman (In re Bateman)*, 331 F.3d 821 (11th Cir. 2003) (quoting *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 n. 3 (11th Cir. 1990)). Because plans provide for the treatment of allowed claims, the confirmation order generally precludes post-confirmation objections to such claims. *See In re Swanson*, 307 B.R. 306, 308 (Bankr. M.D. Fla. 2004); *Starling*, 251 B.R. at 911; *In re Clark*, 172 B.R. 701, 703 (Bankr. S.D. Ga. 1994). However, because *res judicata* only applies where there is a final judgment on the merits, it does not prevent post-confirmation objections where the claim was filed on the eve of confirmation and the debtor was not provided a reasonable opportunity to object to it. *See Palms of Destin Club, LLC v. Commc'n Processing Sys., Inc.*, No. 21-12202, 2022 WL 293960, *4–5 (11th Cir. Feb. 1, 2022) (quoting *In re Piper Aircraft Corp.*,

244 F.3d 1289, 1296 (11th Cir. 2001)); *Cushion*, 349 B.R. at 921; *Swanson*, 307 B.R. at 309.

The Claim was filed just thirteen days before the confirmation hearing. The Court would not usually consider this sufficient time to review and object to a claim. After all, even if the Debtor filed the Objection the same day the Claim was filed, the Court's local rules would have prevented consideration of the Objection at the confirmation hearing. *See* Local Rule 3007-1(B)(2) (stating that "[o]bjections to claims filed less than 14 days before the confirmation hearing . . . shall require at least 30 days notice . . ."). But Debtor's Counsel filed the LF-76, which by its plain language clearly establishes that Debtor's Counsel had sufficient time to review the Claim, and certified "no further action [was] necessary." Because the Debtor already certified that she would not object, the slim timing exception that might have allowed the Debtor to raise a post-confirmation objection does not apply. Therefore, the Objection to Claim is barred by *res judicata*.

The Debtor's argument asks the Court to ignore *res judicata* because, had she known the Children were going to file the Adversary Proceeding, she would have objected. The Court finds this argument unavailing. *Res judicata* exists, in part, to conserve judicial resources and foster "reliance on judicial action by minimizing the possibility of inconsistent decisions." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (quoting *Montana v. United States*, 440 U.S. 147, 154 (1979)). The Chapter 13 Trustee and the Court rely on the LF-76 and if, at the confirmation hearing, there was (1) a pending objection, (2) an LF-76 certification indicating the

Debtor's intent to object, or (3) no LF-76 certification at all, local practice dictates confirmation would have been continued.[9] Instead, the LF-76 stated that no further action was necessary, indicating to all parties, including the creditors, Chapter 13 Trustee, and the Court, that all filed claims would be deemed allowed and the plan was ready to be considered for confirmation.

The Children relied on the Claim's status as an allowed claim when they filed the Adversary Proceeding under the expectation that the validity and amount were established.[10] *See* 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). Now, the Adversary Proceeding has been pending for nearly a year and, relying on the Claim's allowance, the Children have not made any allegations or produced any evidence relating to the amount of the debt they are owed.

To allow the Objection to proceed would ignore the careful procedural structure that allows debtors to confirm a chapter 13 plan early in the case on the condition that they certify the claims process is complete. *See* Local Rule 2083-1(B). The legal consequence though is that *res judicata* bars later objections to the resulting allowed claims. The facts compel that result, and the Objection is overruled.

---

[9] To determine whether the Court can confirm a plan, it must know what unsecured claims are allowed, otherwise it cannot determine whether the plan complies with the requirements of confirmation including, for example, § 1325(a)(4), which requires that

> the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

*See also* 11 U.S.C. §§ 1325(a)(5)(B)(ii) & (b)(4)(B).

[10] (Adversary Proceeding Doc. 19).

## II. Equitable estoppel bars the Objection.

Even if the LF-76 does not prevent the raising of post-confirmation objections based on *res judicata*, equitable estoppel prevents the Debtor's Objection. "The doctrine of equitable estoppel 'allows a person's act, conduct[,] or silence when it is [her] duty to speak, to preclude [her] from asserting a right [she] otherwise would have had against another who relied on that voluntary action.'" *In re Hawkins*, 377 B.R. 761, 770 (Bankr. S.D. Fla. 2007). The doctrine of equitable estoppel applies where:

> (1) the party estopped knew the relevant facts; (2) the party estopped intended for its conduct to be acted or relied upon, or the party acting had the right to believe the conduct was so intended; (3) the party acting was ignorant of the true facts; and (4) the party acting relied on the conduct to its injury.

*Id.* (cleaned up).

With respect to the first element, Debtor knew the relevant facts. Though the Debtor argues she would have objected if she was aware the Children would file the Adversary Proceeding, the Court finds that argument flawed. The "relevant facts" here are that the Debtor was fully aware that the creditors' deadline to file an adversary proceeding objecting to dischargeability was approaching and knew of the existence of the state court judgment providing the basis for the Claim and finding breach of fiduciary duty. There were a variety of ways the Debtor could have sought to preserve her rights through that deadline including indicating in the LF-76 the possibility the Debtor may object to the Claim.[11] Instead, the Debtor chose not to do

---

[11] The Debtor could have, for example, (1) requested a continuance of the confirmation hearing and LF-76 deadline to allow the Debtor time to consider whether to object to claims after the passing

so, and certified that she was prepared to move forward with confirmation with the claims allowed as filed.

With respect to the second element, the Debtor intended for her conduct in filing the LF-76 to be acted or relied upon, and the other parties in the case had the right to believe the conduct was so intended. The Debtor's clear intent in filing the LF-76 certification early was to push the case expeditiously to confirmation. Had the Debtor not filed the LF-76 before the confirmation hearing, or if the LF-76 indicated that the Debtor objected—or intended to object—to the Claim, the confirmation hearing would have been continued. In short, absent Debtor's Counsel's LF-76 certification, the Court would not have confirmed the pending Chapter 13 plan. Further, the creditors, including the Children, had every right to rely upon—just as the Chapter 13 Trustee and the Court relied upon—Debtor's LF-76 certification acknowledging the Debtor's determination that all filed claims be deemed allowed.

With respect to the third element, the Children were ignorant of the Debtor's true intention to file the Objection if the Children filed an adversary proceeding objecting to the dischargeability of the Claim. Instead, they accepted—just as the Court and the Chapter 13 Trustee accepted—that Debtor's LF-76 meant exactly what it said.

---

of the deadline to object to dischargeability of debts; (2) included language in the plan that reserved the Debtor's right to object to claims for a period of time after the expiration of the dischargeability deadline; or (3) included language in the LF-76 stating that the Debtor was still in the process of determining what action, if any, to take with respect to the Claim.

With respect to the fourth element, as previously explained, the Children detrimentally relied on the Claim's status as an allowed claim when they filed the Adversary Proceeding under the expectation that the validity and amount were established.

Therefore, the four elements of equitable estoppel are satisfied and, even if *res judicata* did not apply, the Debtor would still be prevented from raising the Objection under the doctrine of equitable estoppel.

### III. The Debtor waived her right to raise the Objection.

The Debtor's LF-76 constitutes waiver. "Waiver, generally characterized as 'the intentional relinquishment of a known right,' requires (1) the existence at the time of waiver of a right, privilege, advantage or benefit which may be waived; (2) the actual or constructive knowledge thereof; and (3) an intention to relinquish such right, privilege, advantage or benefit." *In re New River Shipyard, Inc.*, 355 B.R. 894, 910 (Bankr. S.D. Fla. 2006) (quoting *Dooley v. Weil (In re Garfinkle)*, 672 F.2d 1340, 1347 (11th Cir. 1982)) (cleaned up). Here, the Debtor (1) had a right to object to timely-filed claims or to delay confirmation until she had a reasonable opportunity to review the claims;[12] (2) was aware of that right; and (3) by filing the LF-76, explicitly notified the creditors, the Chapter 13 Trustee, and the Court that no further action, including an objection, was needed on the Claim and the case could proceed to

---

[12] Local Rule 2083-1(B) merely requires Debtor's Counsel to review the claims within twenty-one days after the Claims Bar Date. Here, the deadline was not until July 15, 2021, which is after the confirmation hearing. The Debtor would not have even needed to request an extension to take her time and review the claims.

confirmation. Therefore, even in the absence of *res judicata* or equitable estoppel, the Debtor, through the LF-76, waived her right to object to the Claim.

Therefore, the Court **ORDERS** that the *Objection* (Doc. 34) is **OVERRULED**.

# # #

*Copies to Stephen Orchard, Esq., who is directed to serve this Order on all interested parties.*